## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Holly Rae Lakeman,                                  Civil No. 10-4265 (DWF/SRN)

                Petitioner,

                                          **MEMORANDUM**
v.                                                  **OPINION AND ORDER**

Mathew Thomas Weed,

                Respondent.

_____

Valerie A. D. Arnold, Esq., Arnold, Rodman & Pletcher, PLLC, counsel for Petitioner.

Patrick C. Burns, Esq., Erik F. Hansen, Esq., Barton C. Gernander, Esq., and Anna M. Hagstrom, Esq., Patrick Burns & Associates, counsel for Respondent.

_____


### INTRODUCTION

This matter is before the Court on a request for attorney fees and costs brought by Petitioner Holly Rae Lakeman.  On December 13, 2010, the Court granted Lakeman's Petition for Return of a Child.  (Doc. No. 33.)  That Petition was brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (Mar. 26, 1986) as implemented by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610 (2009) ("ICARA").  Section 11607 of ICARA permits a prevailing petitioner under the Act to recover necessary expenses, including attorney fees.

In its December 13, 2010 Findings of Fact, Conclusions of Law, and Order, the Court reserved ruling on Lakeman's request for attorney fees pending further submissions by the parties. Here, Lakeman requests attorney fees and costs and other expenses incurred in seeking the return of the child ATW. Respondent Mathew Thomas Weed opposes the request. For the reasons set forth below, this Court grants in part and denies in part the fees and costs requested.

## BACKGROUND AND DISCUSSION

Lakeman requests attorney fees and costs totaling $23,078.66 in U.S. dollars and $16,179.20 in Canadian dollars. In addition, Lakeman seeks expenses totaling $1,000.22 in U.S. dollars and $3,614.10 in Canadian dollars. Weed acknowledges that attorney fees and costs are recoverable under ICARA, but asserts that Lakeman seeks fees and expenses beyond those necessary for the return of the child and that any award should be reduced due to Weed's financial circumstances. ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under [ICARA] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).

## I.      Attorney Fees and Costs

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983).  The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity."  *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Lakeman provided the Court with an affidavit documenting the hours expended in seeking the return of ATW and the billing rates requested for those services.  Weed challenges Lakeman's request as seeking fees and expenses beyond those necessary for the return of the child.  Weed asserts that fees relating to Lakeman's visitation of ATW and matters occurring after the return of ATW are unnecessary and should not be included in any award.  Weed further asserts that fees relating to work with counsel in Canada are unnecessary and duplicative.  Weed also contests fees relating to proceedings in Canada before Lakeman's Petition was filed in this Court and fees relating to proceedings in Dakota County court as not necessary to the return of ATW.

The Court concludes that the majority of the attorney fees and costs requested are reasonable.  The hourly billing rates submitted by Lakeman's Minnesota counsel are reasonable and commensurate with the rates of other attorneys in this area with similar knowledge and practice experience.  *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) ("when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates").  While the Court disagrees with Weed's argument that fees and costs related to the proceedings in Canada were not necessary to

the return of the child, the Court will reduce the hourly rate to be applied to the hours expended by Lakeman's Canadian counsel to the $275 rate charged by Lakeman's Minnesota attorney, Valerie A. Arnold. The Court also disagrees with Weed's argument that work done by Lakeman's counsel in the proceedings in Dakota County was not necessary to the return of ATW. Based on the record before the Court and the Court's consideration of the experience of counsel, however, the Court finds that the amount of time spent on certain matters is excessive in light of the tasks completed. The Court therefore finds that a reduction in fees and costs to $32,481.48 is appropriate and consistent with the submitted billing reports.

## II.    Travel Expenses

Recoverable costs under ICARA include "foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child." 42 U.S.C. § 11607(b)(3). Lakeman provided the Court with an affidavit documenting travel and other expenses incurred during the days on which she was in Minnesota related to the proceedings. These expenses include airfare, hotel, meals, and activities. Weed challenges Lakeman's request as seeking expenses not compensable under ICARA. Weed acknowledges that Lakeman's attendance at the evidentiary hearing in this matter was necessary, but asserts that expenses for dining, activities with ATW, and additional travel were not necessary.

The Court concludes that Lakeman's expenses for airfare and hotel during the proceedings were necessary to the return of the child. The Court respectfully rejects

Weed's argument that Lakeman's attendance at the evidentiary hearing was the only necessary travel expense.  The Court also concludes, however, that costs related to meals and other incidental expenses during Lakeman's time in Minnesota were not necessary and declines to award such costs.  The Court therefore reduces the requested expenses to $3,930.35.[1]

## III.   Financial Circumstances

ICARA provides that expenses should not be awarded to a prevailing petitioner when such an award would be "clearly inappropriate."  42 U.S.C. § 11607(b)(3).  The Eighth Circuit has reduced an award under ICARA based on the opposing party's "straitened financial circumstances."  *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995).  Weed asserts that any award here should be reduced due to his financial circumstances.

The Court concludes that a reduction in the overall award of ten percent (10%) is appropriate.  The Court thus awards Lakeman $32,770 in attorney fees, costs, and travel expenses.  The Court notes that, based on the submitted affidavits, the parties appear to have similar financial circumstances.  Beyond a ten percent reduction, therefore, Weed's financial circumstances do not render such an award clearly inappropriate.

---

[1]     The Court notes that while a large portion of Lakeman's requested travel expenses were requested in Canadian dollars, Lakeman did not present an exchange rate for the Court to apply.  The Court's award converts Canadian dollars to U.S. dollars using a rate of 1:1, which based on current rates represents only a slight reduction in the award.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Lakeman's request for attorney fees and costs is **GRANTED IN PART** and **DENIED IN PART** as follows:  Plaintiff shall recover attorney fees and costs in the amount of $32,770.


Dated:  March 2, 2011                                  s/Donovan W. Frank
                                                       DONOVAN W. FRANK
                                                       United States District Judge